# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**MICHAEL GAUTHREAUX, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                         **NO. 20-1894-WBV-MBN**

**UNITED STATES OF AMERICA**                       **SECTION: D (5)**

## ORDER AND REASONS

Before the Court is a Partial Motion to Dismiss, filed by the United States of America.[1]  The Motion was set for submission on December 29, 2020.  As of the date of this Order, the Motion is unopposed.  After careful consideration of Defendant's memorandum and the applicable law, the Motion is **GRANTED.**

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On July 2, 2020, Michael Gauthreaux and Sheena Gauthreaux, individually and on behalf of their minor child J.G. (collectively, "Plaintiffs"), filed a Complaint in this Court against the United States of America (hereafter, the "Government") under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 2671, *et seq.*[2]

Plaintiffs allege that on April 12, 2018, they were traveling southbound on Highway 21 in Covington, Louisiana, when a vehicle owned by the United States Postal Service (the "USPS") and operated by its employee, Kelli Lee, struck Plaintiffs' vehicle at an intersection.[3]  Plaintiffs allege that Lee's negligence caused the accident and that the Government is liable for the damages and injuries caused by its

---

[1] R. Doc. 15.
[2] R. Doc. 1.
[3] *Id.* at ¶ 7.

employee under the FTCA.[4]  Plaintiffs assert that they timely submitted their claims in writing to the Government by submitting SF95 forms to the USPS on July 18, 2018 and January 3, 2020, which were received by the USPS on those dates.[5]  Plaintiffs allege that, as of the date of filing their Complaint, July 2, 2020, the USPS had not yet made a determination as to their claims, but more than six months had passed since the claims were presented to the USPS.[6]  As such, Plaintiffs assert that suit is authorized under the FTCA, specifically 28 U.S.C. §§ 2675(a) and 2401.[7]

On December 14, 2020, the Government filed the instant Motion, seeking dismissal of Michael and Sheena Gauthreaux's FTCA claims for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).[8]  The Government argues that Michael and Sheena Gauthreaux failed to follow the requirements under 28 U.S.C. § 2675(a) and, thus, filed suit prematurely under the FTCA.[9]  The Government asserts that the USPS received two administrative claims on January 3, 2020, one from Michael Gauthreaux and one from Sheena Gauthreaux, both seeking damages for the underlying automobile accident[10]  The Government claims that the USPS acknowledged receipt of Michael and Sheena Gauthreaux's administrative claims in a letter dated January 23, 2020, which further advised that the claims would be adjudicated as soon as possible and that the USPS had six months from January 3, 2020 to adjudicate the

---

[4] *Id.* at ¶ 8.
[5] *Id.* at ¶ 6.
[6] *Id.*
[7] *Id.* at ¶ 8.
[8] R. Doc. 15.
[9] R. Doc. 15-1 at p. 3.
[10] *Id.* at pp. 1-2 (*citing* R. Doc. 15-2).

claims.[11]  The Government notes that the USPS had not denied Michael and Sheena Gauthreaux's administrative claims as of the date the Complaint was filed on July 2, 2020.   The USPS subsequently denied both claims via certified letter dated and mailed on September 18, 2020.[12]

The Government asserts that the Court's subject matter jurisdiction over an action against the United States under the FTCA is expressly conditioned upon compliance with the language of 28 U.S.C. § 2675(a), which requires that a claimant "shall have first presented the claim to the appropriate federal agency" and either obtain a written denial of the claim or wait six months after its filing the claim with the appropriate agency to deem the agency decision a final denial.[13]  Relying upon this timeline, the Government contends that Michael and Sheena Gauthreaux's Complaint on July 2, 2020 is premature because it was filed before they obtained a written denial of their claims from the USPS, which was issued on September 18, 2020, and before six months had elapsed after filing their claims with the USPS on January 3, 2020.[14]  According to the Government,  the Complaint was filed one day shy of the six-month period.[15]  As such, the Government argues Michael and Sheena Gauthreaux's FTCA claims must be dismissed.[16]

Plaintiffs did not file a response to the Motion.

---

[11] R. Doc. 15-1 at p. 2 (*citing* R. Doc. 15-2).
[12] R. Doc. 15-1 at p. 2 (*citing* R. Doc. 15-2).
[13] R. Doc. 15-1 at p. 3 (*quoting* 28 U.S.C. § 2675(a)) (internal quotation marks omitted).
[14] R. Doc. 15-1 at pp. 4-5 (*citing* R. Doc. 15-2).
[15] R. Doc. 15-1 at p. 4.
[16] The Government specifically notes that it is not challenging the Court's jurisdiction over the minor child's claims.  (R. Doc. 15-1 at p. 1, n.1).

## II.    LAW AND ANALYSIS

The Government argues that this Court lacks jurisdiction over Michael and Sheena Gauthreaux's FTCA claims because they failed to comply with the jurisdictional requirements of the FTCA, specifically 28 U.S.C. § 2675(a).  Under that statute, an action for money damages for injury or loss of property or personal injury may not be brought against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."[17]  The statute further provides that, "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."[18]

According to the Fifth Circuit, "Absent a waiver of immunity the United States is immune from suit in tort.  Partial waiver, as found in the FTCA, exists wholly by virtue of congressional consent which fixes the terms and conditions on which suit may be instituted."[19]  The Fifth Circuit has further explained that the requirement to exhaust administrative review under 28 U.S.C. § 2675(a) is a jurisdictional requisite to filing an FTCA action that cannot be waived.[20]  Waivers of sovereign immunity under the FTCA must be strictly construed and must strictly comply with its terms.[21]  Further, "Failure to completely exhaust administrative remedies prior to

---

[17] 28 U.S.C. § 26759(a).
[18] *Id.*
[19] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).
[20] *Id.* at 203-204.
[21] *Id.* at 204.

commencing a civil action under the FTCA is a jurisdictional defect that cannot be cured through exhaustion after suit is filed."[22]  Section 2675(a) of the FTCA requires that jurisdiction must exist at the time the complaint is filed.[23]  "The Fifth Circuit requires a refiling to cure the subject matter jurisdiction problem."[24]

The Court agrees with the Government and finds that it lacks subject matter jurisdiction over Michael and Sheena Gauthreaux's FTCA claims under Fed. R. Civ. P. 12(b)(1).  The evidence before the Court shows that Michael and Sheena Gauthreaux filed this suit on July 2, 2020, before their administrative claims were denied and one day shy of six months after filing their administrative tort claims with the USPS on January 3, 2020.  As such, Michael and Sheena Gauthreaux failed to exhaust their administrative remedies under 28 U.S.C. § 2675(a) with respect to their FTCA claims.  The Court further finds the fact that the USPS later denied Michael and Sheena Gauthreaux's administrative claims on September 18, 2020, which does not cure the jurisdictional defect because jurisdiction must exist at the time the complaint is filed.[25]  Accordingly, the Court lacks subject matter jurisdiction over Michael and Sheena Gauthreaux's FTCA claims, which must be dismissed.

---

[22] *Janise v. United States*, Civ. A. No. 18-725-JWD-RLB, 2019 WL 4452832, at *2 (M.D. La. Sept. 17, 2019) (*citing Hinojosa v. U.S. Bureaux of Prisons*, 506 Fed.Appx. 280, 283 (5th Cir. 2013)).  *See*, *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) (citation omitted).

[23] *Janise*, 2019 WL 4452832 at *3 (quoting *Reynolds v. United States*, 748 F.2d 291, 282 (5th Cir. 1984)) (internal quotation marks omitted).

[24] *Janise,* 2019 WL 4452832 at *3; *see McNeil v. United States*, 964 F.2d 647, 648 (5th Cir. 1992); *United States v. Burzynski*, 819 F.2d 1301, 1306–07 (5th Cir. 1987); *Reynolds v. United States*, 748 F.2d 291, 292–93 (5th Cir. 1984).

[25] *Hinojosa v. U.S Bureau of Prisons*, 506 Fed.Appx. 280, 282 (5th Cir. 2013) (citations omitted).

### III.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Partial Motion to Dismiss[26] filed by the United States of America is **GRANTED**.

**IT IS FURTHERED ORDERED** that Michael and Sheena Gauthreaux's FTCA claims against the United States of America are **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, February 23, 2021.

**WENDY B. VITTER**
**United States District Judge**

---

[26] R. Doc. 15.