# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL GAUTHREAUX, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1894-WBV-MBN**<br>**c/w 21-447-WBV-MBN** |
| **UNITED STATES OF AMERICA** | **SECTION: D (5)** |

## ORDER AND REASONS[1]

Before the Court is a Motion to Dismiss, filed by the United States of America.[2] The Motion is opposed.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 2, 2020, Michael Gauthreaux and Sheena Gauthreaux, individually and on behalf of their minor child J.G. (collectively, "Plaintiffs"), filed a Complaint in this Court against the United States of America (hereinafter, the "Government") under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 2671, *et seq*.[4] Plaintiffs allege that on April 12, 2018, they were traveling southbound on Highway 21 in Covington, Louisiana, when a vehicle owned by the United States Postal Service (the

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, Civ. A. No. 20-1894.
[2] R. Doc. 37.
[3] R. Doc. 50. The Court notes that the Opposition brief does not identify the "plaintiff" referenced therein. The Court finds this troubling, since the consolidated matter includes claims asserted by Sheena and Michael Gauthreaux, on behalf of the minor, J.G., in Civ. A. No. 20-1894, and claims asserted by Sheena and Michael Gauthreaux, individually in Civ. A. No. 21-447. (*See,* R. Docs. 1 & 9 in Civ. A. No. 21-447). However, the Opposition brief does not appear to be filed on behalf of Sheena Gauthreaux and Michael Gauthreaux in their individual capacities, as the first sentence states that, "On May 7, 2021 counsel for the plaintiff filed a Motion to Amend Complaint to include 'reasonable damages,' [sic] for the minor J.G." R. Doc. 50 at p. 1. This suggests to the Court that the Opposition brief was filed by Sheena and Michael Gauthreaux acting on behalf of the minor child, J.G.
[4] R. Doc. 1.

"USPS") and operated by its employee, Kelli Lee, struck Plaintiffs' vehicle at an intersection.[5] Plaintiffs allege that Lee's negligence caused the accident and that the Government is liable for the damages and injuries caused by its employee under the FTCA.[6] Pertinent to the instant Motion, Plaintiffs requested a jury trial in this matter and sought $161,631.82 in actual damages for Sheena Gauthreaux, $5,000 in actual damages for the minor, J.G., and $10,000 in actual damages for Michael Gauthreaux.[7]

As set forth in the Court's February 23, 2021 Order and Reasons, pursuant to the FTCA, Michael and Sheena Gauthreaux filed their administrative tort claims with the USPS on January 3, 2020, which were denied on September 18, 2020.[8] Because they filed suit on July 2, 2020, before their administrative claims were denied and one day shy of six months after filing their administrative tort claims with the USPS, the Court found that Sheena and Michael Gauthreaux failed to exhaust their administrative remedies under 28 U.S.C. § 2675(a).[9] As such, the Court granted the Government's Partial Motion to Dismiss, and dismissed without prejudice the claims of Michael and Sheena Gauthreaux, brought in their individual capacities, for lack of subject matter jurisdiction.[10]

---

[5] *Id.* at ¶ 7.
[6] *Id.* at ¶ 8.
[7] *Id.* at ¶¶ 9 & 11.
[8] R. Doc. 21.
[9] *Id.* at p. 5.
[10] R. Doc. 21.

As a result of that dismissal, Plaintiffs filed a second lawsuit in this Court on March 3, 2021, attempting to remedy the defect in their original Complaint.[11] The Complaint filed in the second case is nearly identical to Plaintiffs' original Complaint. On April 20, 2021, Plaintiffs filed an unopposed Motion to Consolidate the two cases, which the Court granted.[12]

Thereafter, on May 7, 2021, Plaintiffs sought leave to file a supplemental complaint in the consolidated matter to clarify their request for "reasonable damages" for the minor, J.G., to which there was no objection.[13] The proposed Supplemental and Amending Petition included only two paragraphs, referencing and amending the original complaint.[14] The Court denied the motion without prejudice, noting that Plaintiffs' proposed Supplemental and Amending Petition was not a comprehensive pleading, and gave Plaintiffs two days to "re-file the Motion with a proposed comprehensive amended pleading that includes all of Plaintiffs' numbered allegations, as revised, supplemented, and/or amended, and which will become the operative complaint in this matter without reference to any other document in the record."[15] Pursuant to that Order, Plaintiffs filed a Motion to Supplement and Amend Complaint on May 12, 2021, and represented to the Court that, "Counsel for defendant has no objection."[16] The Court granted the Motion as unopposed, and

---

[11] *See*, R. Doc. 1 in *Gauthreaux, et al. v. United States of America*, Civ. A. No. 21-447-WBV-MBN (E.D. La.).
[12] *See*, R. Docs. 8 & 10 in *Gauthreaux, et al. v. United States of America*, Civ. A. No. 21-447-WBV-MBN (E.D. La.).
[13] R. Doc. 29.
[14] R. Doc. 29-1.
[15] R. Doc. 30.
[16] R. Doc. 31.

ordered that Plaintiffs' Supplemental and Amending Petition be filed into the record.[17] The Supplemental and Amending Petition names Michael and Sheena Gauthreaux as Plaintiffs "on behalf of the minor, J.G.," includes a request for a jury trial, and seeks "Damages in excess of $25,000.00 for the minor J.G. who was a passenger in the vehicle."[18]

On June 3, 2021, the Government filed the instant Motion to Dismiss, asking the Court to strike the amended damages prayer and the jury trial request under Fed. R. Civ. P. 12(b)(1) & 12(b)(6).[19] The Government asserts that while it agreed to Plaintiffs' request to amend their Complaint to seek "reasonable damages" on behalf of the minor child, the Government did not consent to Plaintiffs increasing the damages sought on behalf of the minor.[20] The Government points out that Plaintiffs initially sought $5,000 in damages for the minor child, which is the amount claimed on his administrative claim Standard Form ("SF") 95 submitted to the USPS, but have now increased their demand to "in excess of $25,000."[21] The Government argues that Plaintiffs' request for $25,000 in damages must be stricken because it exceeds the minor child's administrative claim and Plaintiffs have failed to show that either exception to the administrative claim limit, set forth in 28 U.S.C. § 2675(b), is met in this case. Specifically, the Government claims that Plaintiffs have failed to show that the increase "is based upon newly discovered evidence not reasonably discoverable at

---

[17] R. Doc. 33. *See*, R. Doc. 31-1.
[18] R. Doc. 34 at Introductory Paragraph and ¶¶ 1, 7, & 9.
[19] R. Doc. 37.
[20] *Id.* at ¶ 2.
[21] *Id.* (*citing* R. Doc. 1 at ¶ 11(B) & R. Doc. 34 at ¶ 9(A)).

the time of presenting the claim to the federal agency," or that it is based upon intervening facts relating to the amount of the claim.[22] The Government further argues that Plaintiffs' request for a jury trial should be dismissed because jury trials are prohibited by the FTCA.[23]

Plaintiffs oppose the Motion,[24] asserting that they interpreted the Court's May 10, 2021 Order instructing them to file a "comprehensive pleading" as requiring them to file a complaint that "include[d] an actual figure rather than the term 'reasonable damages.'"[25] As such, Plaintiffs claim they refiled a proposed amended complaint seeking $25,000 in damages, and directed the Court's attention to Fed. R. Civ. P. 15 regarding the filing of amended complaints.[26] Plaintiffs do not address the statement in their Motion to Supplement and Amend the Complaint that, "Counsel for defendant has no objection," nor do Plaintiffs provide any basis for the increase in damages sought. Plaintiffs assert that the Government subsequently notified them of its opposition to the inclusion of the $25,000 damages request, and Plaintiffs ask the Court to "set a submission date for plaintiff's motion" if the Government wishes to oppose the amendment.[27] Alternatively, Plaintiffs claim they will "refile the motion as opposed, and set it for a submission date."[28] Plaintiffs further assert that

---

[22] R. Doc. 37-1 at p. 5.
[23] *Id*. (citing *Carlson v. Green*, 446 U.S. 14, 22, 100 S. Ct. 1468, 1473, 64 L. Ed. 2d 15 (1980); *United States v. Neustadt*, 366 U.S. 696, 711, 81 S.Ct. 1294, 1303, 6 L.Ed.2d 614 (1961)).
[24] Again, the Court assumes that the Opposition brief was filed by Sheena and Michael Gauthreaux acting on behalf of their minor child, J.G., because the brief fails to identify the "plaintiff" referenced therein. *See, supra*, n. 3.
[25] R. Doc. 50 at p. 1.
[26] *Id*.
[27] *Id*.
[28] *Id*. at pp. 1-2.

the question of a jury trial was never discussed with the Government, but they do not oppose striking the jury demand "if plaintiffs are not entitled to a jury trial under 28 U.S.C. § 2402."[29]

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1) Standard

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to challenge the subject matter jurisdiction of the district court to hear a case.[30] A case is properly dismissed pursuant to Rule 12(b)(1) "for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[31] In considering a challenge to subject matter jurisdiction under Rule 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'"[32] Thus, a motion to dismiss for lack of jurisdiction may be decided by the Court based on: (1) the complaint alone; (2) the complaint and the undisputed facts in the record; or (3) the complaint, the undisputed facts in the record, and the court's own resolution of disputed facts.[33] The party asserting jurisdiction carries the burden of proof when facing a Rule 12(b)(1) motion to dismiss.[34] A motion to dismiss under

---

[29] *Id.* at p. 2.
[30] *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).
[31] *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).
[32] *Krim*, 402 F.3d at 494 (quoting *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010).
[33] *Flores v. Pompeo*, 936 F.3d 273, 276 (5th Cir. 2019) (quoting *Robinson v. TCI/US W. Commc'ns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997)) (internal quotation marks omitted).
[34] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (citing *Ramming*, 281 F.3d at 161).

12(b)(1) should only be granted "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[35]

### B. Federal Rule of Civil Procedure 12(b)(6) Standard

It is well-settled in this Circuit that motions to dismiss under Fed. R. Civ. P. 12(b)(6) are viewed with disfavor and are rarely granted.[36] To overcome a defendant's motion to dismiss, a plaintiff must plead a plausible claim for relief.[37] A claim is plausible if it is pleaded with factual content that allows the court to reasonably infer that the defendant is liable for the misconduct alleged.[38] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[39] In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff.[40] However, the allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.[41] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[42] In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the

---

[35] *Ramming,* 281 F.3d at 161 (citing *Home Builders Ass'n of Miss., Inc.,* 143 F.3d at 1010).
[36] *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (quoting *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)).
[37] *Romero v. City of Grapevine, Tex.*, 888 F. 3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).
[38] *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937).
[39] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F. 3d 1029, 1032 (5th Cir. 2010) (per curiam).
[40] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[41] *Bell Atlantic v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
[42] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal citations omitted).

motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[43] The Court can also take judicial notice of matters that are of public record, including pleadings that have been filed in a federal or state court.[44]

## III. ANALYSIS

### A. Increased Damages Request.

Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675, *et seq.*, an action for money damages for injury or loss of property or personal injury may not be brought against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."[45] As explained by the Fifth Circuit, "the FTCA waives sovereign immunity and permits suits against the United States sounding in state tort for money damages."[46] The FTCA further specifies that an action brought thereunder:

> shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.[47]

Thus, "The plaintiff in an FTCA suit who seeks to exceed his administrative claim has the burden to show that the addition is based on newly discovered evidence or

---

[43] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).
[44] *In re American Intern. Refinery*, 402 B.R. 728, 749 (W.D. La. 2008) (citing *Cisco Systems, Inc. v. Alcatel USA, Inc.,* 301 F. Supp. 2d 599, 602 n.3 (E.D. Tex. 2004)).
[45] 28 U.S.C. § 26759(a).
[46] *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009) (citing *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 252 (5th Cir. 2006)).
[47] 28 U.S.C. § 2675(b).

intervening facts within the meaning of § 2675(b)."[48] A plaintiff can satisfy this burden by showing that the evidence was not "reasonably capable of detection at the time the administrative claim was filed," meaning that the information was not discoverable through the exercise of reasonable diligence.[49] Additionally, "Information can be newly discovered evidence or an intervening fact if it sheds new light on the basic severity of the claimant's condition."[50]

The Fifth Circuit has held that the "timely presentation of a claim including 'a sum certain' is a jurisdictional requirement, absent compliance with which the courts have no jurisdiction to entertain the suit under the Federal Tort Claims Act."[51] The Fifth Circuit further explained that, "Requiring the plaintiff to guard against a worst-case scenario in preparing his claim gives the Government full notice of its maximum potential liability in the case. This encourages settlement of FTCA cases in accordance with the statute's purposes."[52]

Here, the Government asserts, and Plaintiffs do not dispute, that Plaintiffs filed an administrative claim for the minor child, J.G., seeking personal injury damages of $5,000 as a result of the underlying car accident.[53] Plaintiffs do not assert that their request for $25,000 in damages for the minor, J.G., in the Supplemental

---

[48] *Lebron v. United States*, 279 F.3d 321, 330 (5th Cir. 2002) (citing authority).
[49] *Lebron*, 279 F.3d at 330 (quoting *Low v. United States*, 795 F.2d 466, 470 (5th Cir. 1986)).
[50] *D'Antoni v. Fed. Emergency Mgmt. Agency*, Civ. A. No. 07-615, 2008 WL 417701, at *5 (E.D. La. Feb. 13, 2008) (quoting *Lebron*, 279 F.3d 321, 330).
[51] *Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984) (quoting *Wardsworth v. United States*, 721 F.2d 503, 505–06 (5th Cir. 1981)).
[52] *Lebron*, 279 F.3d at 330-31 (citing *Low*, 795 F.2d at 740-41; *Reilly v. United States*, 863 F.2d 149, 172-73 (1st Cir. 1988)).
[53] R. Doc. 37-1 at p. 4 (*citing* R. Doc. 37-3 at ¶ 3); R. Doc. 50.

and Amending Petition[54] is based upon newly discovered evidence or an intervening fact, as required by 28 U.S.C. § 2675(b).[55] Instead, Plaintiffs claim they requested $25,000 in damages in lieu of their request for "reasonable damages" based upon their interpretation of the Court's May 10, 2021 Order, wherein the Court denied without prejudice Plaintiffs' Motion to Supplement and Amend Complaint and afforded Plaintiffs an opportunity to refile their motion with a proposed comprehensive amended pleading.[56] The Court's May 10, 2021 Order makes no mention of Plaintiffs' request for damages or the substance of the allegations contained in Plaintiffs' proposed amended pleading. Instead, the Court's May 10, 2021 Order specifically advises Plaintiffs that their proposed Supplemental and Amending Petition "is not a comprehensive pleading and, instead, refers to deletions, substitutions and/or additions to the original Complaint."[57] Thus, Plaintiffs' reliance upon the Court's May 10, 2021 Order to support their increased damages request is misplaced.

Plaintiffs offer no other legal authority to support their request for $25,000 in damages on behalf of the minor, J.G. According to the Fifth Circuit, absent newly discovered evidence or intervening facts, the only time that Plaintiffs could have amended the specific amount of damages sought on behalf of the minor child, J.G., was *before* filing this suit.[58] There is no information before the Court to indicate that

---

[54] R. Doc. 34 at ¶ 9.
[55] *See,* 28 U.S.C. § 2675(b); *D'Antoni v. Fed. Emergency Mgmt. Agency*, Civ. A. No. 07-615, 2008 WL 417701, at *5 (E.D. La. Feb. 13, 2008) (quoting *Lebron*, 279 F.3d 321, 330).
[56] *See*, R. Docs. 29 & 30.
[57] R. Doc. 30.
[58] *See, Dickerson ex rel. Dickerson v. United States*, 280 F.3d 470, 477 (5th Cir. 2002) (*citing* 28 C.F.R. § 14.2(c)) (finding plaintiffs "could have amended their administrative claims after filing at any time before bringing suit.").

Plaintiffs amended J.G.'s administrative claim with the USPS prior to filing this suit to reflect a claim for damages of $25,000. Accordingly, Plaintiffs' request for "Damages in excess of $25,000.00 for the minor J.G. who was a passenger in the vehicle" must be limited to the amount of damages sought in J.G.'s administrative claim, which was $5,000. To the extent Plaintiffs seek leave to refile their motion for leave to file an amended complaint,[59] any such request must be made by formal motion to the Court.

### B. Jury Trial Request.

Under 28 U.S.C. § 2402, "[A]ny action against the United States . . . shall be tried by the court without a jury."[60] Additionally, the Fifth Circuit has consistently held that there is no right to a trial by jury in FTCA cases.[61] Plaintiffs assert in their Opposition brief that, "if plaintiffs are not entitled to a jury trial under 28 U.S.C. § 2402, plaintiffs do not oppose striking the jury demand."[62] Additionally, Plaintiffs cite no legal authority in their Opposition brief to support their request for a jury trial in this matter. Based upon the foregoing authority from the Fifth Circuit, Plaintiffs' request for jury trial must be dismissed.

---

[59] R. Doc. 50 at pp. 1-2.
[60] 28 U.S.C. § 2402.
[61] *See, Lineberry v. United States*, 356 Fed.Appx. 673, 674 (5th Cir. 2009); *Andrade v. Chojnacki*, 338 F.3d 448, 457 (5th Cir. 2003); *see also Lewis v. United States*, Civ. A. No. 18-3423, 2018 WL 3619443, at *2 (E.D. La. July 30, 2018).
[62] R. Doc. 50 at p. 2.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss, filed by the United States of America,[63] is **GRANTED**. Plaintiffs' request for a jury trial is hereby **DISMISSED WITH PREJUDICE,** and Plaintiffs' prayer for "Damages in excess of $25,000.00 for the minor J.G. who was a passenger in the vehicle" is limited to the amount of J.G.'s administrative claim submitted to the USPS, which was $5,000.

New Orleans, Louisiana, July 15, 2021.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[63] R. Doc. 37.